**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Denise Spencer,<br>Plaintiff,<br>v.<br>DSP Freight LLC, et al.,<br>Defendants. | No. CV-25-03645-PHX-GMS<br>**ORDER** |

Pending before the Court is Defendants DSP Freight LLC, DSP Trucking Inc., and Dilawar Singh's Motion to Dismiss (Doc. 16). For the foregoing reasons, the Motion is denied.[1]

**BACKGROUND**[2]

Plaintiff Denise Spencer brings this action against DSP Freight LLC ("DSP Freight"), DSP Trucking Inc. ("DSP Trucking"), and Dilawar Singh (collectively, "Defendants"). (Doc. 1 at 1). Plaintiff worked as a truck driver for Defendants from May 2023 to April 2024. (*Id.* at 3). DSP Freight and DSP Trucking both employ truck drivers and have operations in Arizona. (*Id.* at 3–4). Mr. Singh is a manager and the president of

---

[1] Defendants' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] This summary accepts all non-conclusory factual allegations in Plaintiff's Complaint as true and construes them in the light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

DSP Freight and DSP Trucking. (*Id.* at 4). Mr. Singh supervised Plaintiff and made decisions regarding her hiring, hours, wage, and discipline. (*Id.*).

Plaintiff asserts that during her employment, “Defendants created a hostile work environment for [her], including sexual harassment and discrimination, nonpayment of earned wages, unlawful docking of wages, misclassification (denying her pay), and retaliation for her complaints.” (*Id.* at 10). Mr. Singh participated in much of this conduct. (*See id.* at 4–10).

Plaintiff makes ten claims in total. (*Id.* at 12–22). She contends that DSP Freight and DSP Trucking violated employment discrimination and minimum wage statutes. *Id.* She brings federal claims against them under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (*Id.* at 12–16). She brings multiple Arizona state law claims against them including violations of the Arizona Civil Rights Act, A.R.S. §§ 41-1461, *et seq.* and the Arizona Employment Protection Act, A.R.S. §§ 23-1501, *et seq.* (*Id.* at 17–20). Finally, Plaintiff brings wage claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, A.R.S. §§ 23-350, *et seq.*, and A.R.S. §§ 23-362, *et seq.* against all Defendants, including Mr. Singh. (*Id.* at 20–22).

Plaintiff filed a Charge of Discrimination (“Charge”) with the Arizona Attorney General’s Office, Civil Rights Division (“ACRD”) on October 2, 2024. (*Id.* at 11). The Charge was then cross-filed with the United States Equal Employment Opportunity Commission (“EEOC”) on October 2, 2024. (*Id.* at 11; Doc. 16-1 at 2). The Charge named DSP Freight as a defendant but did not name DSP Trucking and Mr. Singh. *Id.* On October 1, 2025, Plaintiff filed the instant case in the District Court for the District of Arizona. (Doc. 1).

Defendants now move to dismiss the complaint in its entirety, arguing that: (1) Plaintiff failed to file a Charge with the EEOC against DSP Trucking, so the Title VII claims against DSP Trucking should be dismissed, (2) Plaintiff failed to file any charges with the EEOC or the ACRD against Mr. Singh, so any charges against Mr. Singh must be

dismissed, and (3) Plaintiff never performed services for Mr. Singh or DSP Freight, so all claims against Mr. Singh or DSP Freight must fail. (Doc. 16).

## DISCUSSION

### I. Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a claim for relief by asserting a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[3] In evaluating a motion to dismiss, a Court must consider "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain legal claims, supported by sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is factually plausible when the plaintiff pleads sufficient factual content to permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, the factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In reviewing a motion to dismiss, courts accept the complaint's factual allegations as true, but they need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citation omitted).

### II. Analysis

#### A. Exhaustion

Plaintiff filed an EEOC Charge against DSP Freight but did not list DSP Trucking. (Doc. 16 at 1). Title VII generally requires a claimant to exhaust administrative remedies before bringing a claim. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Accordingly, a claimant may only sue respondents named in the EEOC Charge. *Id.* at

---

[3] This is the basis for Defendants' motion as clarified in their Reply. (Doc. 18 at 1).

1458. This naming requirement gives defendants notice of the allegations and an opportunity to respond in the administrative process. *Id.*

Nevertheless, the Ninth Circuit recognizes five exceptions that generally permit a claimant to sue an unnamed defendant: (1) the defendant participated in the acts giving rise to the EEOC Charge; (2) the defendant should have anticipated being named in the Title VII suit; (3) the named and unnamed parties were substantially identical or had a principal-agent relationship; (4) the EEOC could have reasonably inferred the unnamed party's involvement from the Charge; or (5) the unnamed party had notice of and participated in the EEOC proceedings and conciliation. *Tsosie v. N.T.U.A. Wireless LLC*, No. CV-23-00105, 2025 WL 2959483, at *2 (D. Ariz. Oct. 20, 2025) (enumerating the exceptions first articulated in Sosa); *see also id.* at 1458–60. Defendants argue that the *Sosa* exceptions are discretionary only, (Doc. 18 at 2), and the Court should not consider them here because in *Sosa*, the plaintiff filed his EEOC charge *pro se*. *Sosa*, 920 F.2d at 1458–60. But *Sosa*'s language is not limited to *pro se* claimants. *See id.* Post-*Sosa* decisions have applied the exceptions even where a claimant filed an EEOC Charge with assistance of counsel. *See, e.g.*, *Tsosie*, 2025 WL 2959483. Further, EEOC charges should be construed liberally. *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984); *see also Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir.1982) (holding that "EEOC charges must be liberally construed," and therefore doctors not named in an EEOC claim, but who should have anticipated a suit brought against them, were proper defendants); *cf. Albano v. Schering–Plough Corp.*, 912 F.2d 384, 388 (9th Cir.1990) (viewing the "EEOC charge primarily as an impetus to EEOC investigation and conciliation, not as a pleading giving notice to the employer").

In accordance with the Ninth Circuit's instruction to construe the EEOC charges liberally, the Court will apply *Sosa* to determine whether Plaintiff's failure to name DSP Trucking in the EEOC Charge bars her Title VII claims.

**1. Participation in Acts Giving Rise to EEOC Charge**

Plaintiff plausibly alleges facts that demonstrate that DSP Trucking participated in the acts giving rise to her EEOC Charge. An unnamed defendant falls within this exception when the facts demonstrate that the defendant was involved in the conduct underlying the EEOC Charge. *Sosa*, 920 F.2d at 1458–59. Participation may include involvement in the challenged employment decisions, an employer's investigation, or an employer's response to alleged discrimination. *Id.* at 1459; *Thompson v. Wiener*, No. CV08-991, 2008 WL 5068945, at *3 (D. Ariz. Nov. 25, 2008). A corporate relationship alone does not establish participation; the evidence must connect the unnamed entity to the conduct underlying the Charge. *See Tsosie*, 2025 WL 2959483, at *5–6.

In *Sosa*, the unnamed administrators participated in the employment decisions underlying the EEOC Charge by denying the plaintiff promotions. 920 F.2d at 1459. Similarly, in *Thompson*, the unnamed employer-defendants participated in the conduct underlying the Charge by allegedly knowing of the harassment and failing to prevent it. 2008 WL 5068945, at *3. By contrast, *Tsosie* found no participation because the employees responsible for the alleged harassment, investigation, and response worked for a different entity. 2025 WL 2959483, at *5. The unnamed defendant's corporate connections to that entity did not establish its involvement in the underlying conduct. *Id.* at *5–6.

Here, Plaintiff alleges more than a corporate relationship between DSP Trucking and DSP Freight. She alleges that DSP Trucking employed her during the period in which the alleged discrimination occurred. (Doc. 1 at 4). Unlike *Tsosie*, where the challenged conduct was attributable to a different entity, Plaintiff's allegations directly connect DSP Trucking to her employment. 2025 WL 2959483, at *5–6. Like the unnamed defendants in *Sosa*, who denied the plaintiff promotions that led to the EEOC Charge, Plaintiff alleges that DSP Trucking participated in the employment relationship that gave rise to the challenged conduct. 920 F.2d at 1459; (*see* Doc. 1 at 12–20). Specifically, Plaintiff alleges that DSP Trucking treated her less favorably than similarly situated male employees, created a hostile work environment because of her sex, retaliated against her, and ultimately

forced her to resign. *Id.* At this stage, the Court must accept these well-pleaded allegations as true. *Manzarek*, 519 F.3d at 1031. Accordingly, the Court finds that Plaintiff plausibly alleges DSP Trucking participated in the acts giving rise to the EEOC Charge. Thus, the first exception applies.

**2. Anticipation of Title VII Lawsuit**

Alternatively, Plaintiff plausibly alleges that DSP Trucking should have anticipated being named in the Title VII action. An unnamed defendant should anticipate being named in a subsequent Title VII action when its participation in the conduct underlying the EEOC Charge would put it on notice of potential liability. *Sosa*, 920 F.2d at 1459; *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982).

In *Sosa*, the unnamed administrators participated in employment decisions underlying the EEOC Charge by denying the plaintiff promotions. 920 F.2d at 1459. Because administrators participated directly in the conduct giving rise to the Charge, the Court held that they should have anticipated being named in the subsequent suit. *Id.* Similarly, in *Chung*, the unnamed doctors supervised the plaintiff and participated in discriminatory promotion decisions underlying the EEOC Charge.[4] 667 F.2d at 790, 792. The Court therefore concluded that the doctors should have anticipated that the plaintiff would sue those responsible for the challenged promotion decisions. *Id.* at 792. By contrast, *Tsosie* held that the unnamed defendant had no reason to anticipate being sued because it did not participate in either the wrongful conduct or the subsequent investigation and response. 2025 WL 2959483, at *6. Thus, similar to the first exception, this exception concentrates on whether the unnamed defendant's connection to the conduct underlying the EEOC Charge gave it reason to anticipate being named in a subsequent Title VII suit.

Here, Plaintiff alleges that DSP Trucking had reason to anticipate being named because she alleges that DSP Trucking "subjected Plaintiff to discriminatory treatment, harassment, and constructive discharge because of sex, in violation of Title VII." (Doc. 1

[4] Although *Chung* predates *Sosa*, the Ninth Circuit in *Sosa* subsequently relied on *Chung* in recognizing the anticipation exception. *Sosa*, 920 F.2d at 1459 (citation omitted).

at 11). Plaintiff asserts that DSP Trucking employed her during that period, and that DSP Trucking's Position Statement in the ACRD investigation identifies DSP Trucking as the entity that hired Plaintiff and terminated her employment. (*Id.* at 3; Doc. 17–1 at 2). Thus, unlike *Tsosie*, where the alleged wrongdoers and challenged response were attributable to a different entity, Plaintiff alleges facts directly connecting DSP Trucking to the employment relationship and termination underlying her allegations. 2025 WL 2959483, at *6; (*see* Doc. 1 at 4–10). Like the unnamed defendants in *Sosa* and *Chung*, DSP Trucking therefore had reason to anticipate being named in litigation arising from that conduct. *Sosa*, 920 F.2d at 1459; *Chung*, 667 F.2d at 790, 792. Thus, the second exception also applies.

Because Plaintiff plausibly alleges that at least one exception to Title VII's naming requirement applies, her failure to name DSP Trucking in the EEOC Charge does not warrant dismissal on exhaustion grounds. Accordingly, the Court does not reach the remaining three exceptions.

### B. Failure to File Charge Naming Mr. Singh

Defendant argues that the Court should dismiss the claims against Mr. Singh because Plaintiff did not file an EEOC or ACRD Charge against him. (Doc. 16 at 2). Because Plaintiff does not assert any claims against Mr. Singh that requires administrative exhaustion, the Court rejects this argument.

Here, Plaintiff only asserts Counts 8–10 against Mr. Singh, which arise under the Arizona Employment Protection Act, the Fair Labor Standards Act, and Arizona wage laws. (Doc. 1 at 20–22). *Id.* Because these claims do not require Plaintiff to exhaust administrative remedies before the EEOC or ACRD, Defendant's exhaustion argument does not provide a basis for dismissal. 29 U.S.C. § 216(b); A.R.S. § 23-355. Accordingly, the Court denies the Motion to Dismiss the claims against Mr. Singh on exhaustion grounds.

**C. Plaintiff's Employer**

Finally, Defendant moves to dismiss the entirety of the complaint on the grounds that Plaintiff never worked for DSP Freight or Mr. Singh. (Doc. 16 at 2). The Court, however, rejects Defendants' argument because it asks the Court to resolve a factual dispute at the motion-to-dismiss stage.

In reviewing a motion to dismiss, the Court must accept the complaint's factual allegations as true and construe them in the light most favorable to Plaintiff. *Knievel*, 393 F.3d at 1072 (citation omitted). Here, Plaintiff plausibly alleges that she worked for DSP Freight, DSP Trucking, and Mr. Singh. (Doc. 1 at 5). Defendants rely on her job application to dispute those allegations. (Doc. 16 at 2). Resolving this issue would require the Court to weigh competing allegations and to determine the parties' employment relationship, which is improper to do without the benefit of discovery. Accordingly, the Court denies Defendant's Motion to Dismiss on this ground.

**CONCLUSION**

Defendants' Motion to Dismiss (Doc. 16) is denied because Plaintiff has plausibly alleged that she satisfies an exception to the naming requirement, she was not required to name Mr. Singh, and she was employed by Defendants.

**IT IS THEREFORE ORDERED** that Defendants DSP Freight LLC, DSP Trucking Inc., and Dilawar Singh's Motion to Dismiss (Doc. 16) is **DENIED**.

Dated this 18th day of November, 2026.

G. Murray Snow
Senior United States District Judge